IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION

FILED

May 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| FREDDIE L. POLLARD, | ) | |
| | ) | |
| Appellant, | ) | No. 02C01-9802-CR-00042 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable John P. Colton, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Robert B. Gaia
100 N. Main Building
Suite 3201
Memphis, TN 38103

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
    and
Douglas D. Himes
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
    and
James Challen
Assistant District Attorney General
201 Poplar Avenue - 3rd Floor
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Freddie L. Pollard, appeals as of right from the Shelby County Criminal Court's denial of his petition for post-conviction relief. The petitioner seeks relief from his 1993 conviction for first degree murder, for which he received a life sentence. This court affirmed the conviction in State v. Freddie L. Pollard, No. 02C01-9306-CR-00129, Shelby County (Tenn. Crim. App. July 6, 1994). The petitioner now contends that he received the ineffective assistance of counsel because his trial attorney (1) failed to put on a defense, (2) failed to call the petitioner as a witness at trial, and (3) failed to present witnesses at trial who were at the scene of the incident. We affirm the trial court's denial of relief.

At the evidentiary hearing, the petitioner testified that his attorney did not advise him of anything during the trial and that his attorney did not investigate his case. He said his attorney visited him once or twice for fifteen minutes before the trial. He said he was unaware of any motions filed by his attorney on his behalf. He said the state never offered a plea bargain. He admitted that he shot the victim, but he said he believed the defense of provocation was available because the victim threatened to kill him. He testified that before this offense, he had no criminal record. He stated that he thought his attorney should have investigated or interviewed ten to twenty witnesses who were present at the shooting.

On cross-examination, the petitioner stated that he did not expect to be acquitted, but he thought he would receive a lesser sentence. He said he wanted his attorney to cross-examine the state's witnesses regarding their backgrounds, but he admitted that he did not know how this could have helped his case. He said his attorney should have investigated the victim's criminal history, but he did not know if it

2

would have affected the outcome of the case. He said he thought his attorney should have offered a plea bargain, but he admitted that the state did not offer one.

The petitioner's attorney testified that he received open-file discovery from the district attorney's office. He said he copied and reviewed all of the witness statements. He said the petitioner never denied shooting the victim. He stated that the state's only offer was life in prison, which was the maximum punishment for which the petitioner was eligible. He said the petitioner never provided the names of any witnesses that could have exonerated him, nor did the petitioner indicate that he wanted him to investigate any specific areas of the case. He stated that his theory of defense was that it was a case of second degree murder.

The trial court found that the petitioner received the effective assistance of counsel and denied the post-conviction petition. The trial court stated as follows:

> There is no proof that counsel did not investigate the case and pursue all leads given to him by the petitioner. . . . Counsel pursued all reasonable defenses that the facts justified. . . .

The petitioner contends that he received the ineffective assistance of counsel because his trial attorney did not put on a defense, call the petitioner as a witness, or call witnesses who were at the scene of the offense. The state contends that the trial court correctly determined that the petitioner received the effective assistance of counsel. We agree.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S.

3

Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn.), cert. denied, 493 U.S. 874 (1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973), cert. denied, 444 U.S. 944 (1979). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201.

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

4

The burden is on the petitioner in the trial court to prove the factual allegations that would entitle him to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1995). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

First, the petitioner claims that his attorney was ineffective for failing to put on a defense. The petitioner's attorney testified that in light of the petitioner's admission to the shooting, he believed the best strategy was to present a theory of second degree murder. This represents a tactical decision by the petitioner's attorney that will not be second-guessed by this court. Hellard, 629 S.W.2d at 9. Furthermore, "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless . . ., counsel's failure to pursue those investigations may not later be challenged as unreasonable." Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner has presented no evidence to show that his attorney was deficient or that he was prejudiced.

Next, the petitioner claims that his attorney was ineffective for failing to call him as a witness. The petitioner has offered no evidence to show that he requested to testify at trial or that his attorney interfered with that right. This issue is without merit.

Finally, the petitioner claims that his attorney was ineffective for failing to call witnesses who were at the scene of the shooting. Although the petitioner testified that there were ten to twenty people who witnessed the shooting, he has not presented any testimony by any witness to the shooting. See Black v. State, 794 S.W.2d 752, 757

5

(Tenn. Crim. App. 1990) (holding that petitioner should have the previously uncalled witness testify at the evidentiary hearing). In fact, the petitioner agreed that this court's recitation of the facts on direct appeal was basically correct. Furthermore, his attorney testified that the petitioner never provided him with a list of witnesses that could have exonerated the petitioner. We conclude that the petitioner has failed to show that the record preponderates against the trial court's judgment that he received the effective assistance of counsel.

In consideration of the foregoing and the record as a whole, we affirm the trial court's denial of the petition for post-conviction relief.

_____
Joseph M. Tipton, Judge


CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
Thomas T. Woodall, Judge